UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

RASHEEN SANDERS,

    Plaintiff,

vs.

NEW YORK CITY POLICE Dept'm
P.O. KEVIN RODGERS,
P.O. ANTHONY RIVELLI,
Detective PEMBLETON,
NICOLE BELLINA, "Stoll, Glickman & Bellina", Unidentified Federal "ATF" Agents,
UNITED STATES ATTORNEY
DAVID BITKOWER.

    IRIZARRY,

---

CV 07 - 4092

Case No. Cr-05-0490

COMPLAIN PURSUANT TO CIVIL RIGHT ACT 42 USC 1985, 1986

MOTION TO AMEND PROCEEDING PURSUANT TO CIVIL RULE 15(a)

RECEIVED SEP 18 2007 PRO SE OFFICE

BLOOM, M.J.

Parties In The Complaint

Plaintiff Rasheen Sanders
I.D. No. 73702-053

1). On June 11, 2005, Officer Kevin Rodgers and Anthony Rivelli did not act in good faith and within the scope of authority when they approached the plaintff, who along with Anthony Singleton and William Juarber, were traveling "peacefully" on Dumont Avenue coming off of Alabama Avenue when P.O. Kevin Rodgers and Anthony Rivelli, the Defendants herein, having direct knowledge and constructively, conspired to deprive the plaintiff of the the First Amendment of the Constitution; the right of the people peaceably to assemble. Fouth Amendment: "The right of the people to be secure in their persons etc...against unreasonable searches and seizures...but upon probable cause." Fourteenth Amendment: "No state shall make any law which shall abridge the privelages or immunities of citizens of

the United States ; nor shall any state deproive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

2). The defendants constructively conspired to afflict "emotional distress" and "abuse of process" which was apparent by the defendants jumping out with weapons drawn without probable cause while being "plain-clothed" and in an unmarked vehicle . The plaintiff fled out of "natural fear" while the defendant--Rodgers--persued and then fired a his weapon. The plaintiff fell on the ground as Rodgers approached the plaintiff with his weapon drawn aimed at the plaintff's head and began to ask whether he "belongs in 'crime family'" and whether plaintiff "knew of any 'crime family' and its members", which conformed beyond bounds of decency of enquiring about crime family.

3. The plaintiff said that he "was not a part of, or knew anything about "a gang". The defendas--Office Rodgers--told the plaintiff that he was placing him under arrest for the weapon that he held in his hand--saying because the platiff "knew nothing".

4). The defendant--Officer Rodgers--falsely arrested the plaintiff motivated by the belief that the plaintiff was a part of "gang" activity and would give information that would have led to arrests and prosecutions of other individuals.

5). After being placed in the vehicle, the defendants mockingly stated that "they knew something" and stated questioning" "Where were you coming from and where were you going?" This violated the plaintiff's First Amendment right. In effect, its states: "Congress

-2-

shall make no law respecting an establishment of religion, or prohibiting the exercise thereof;...or the right of the people to peaceably assemble." The defendant aslo violated plaintiff's Fifth Amendment right in the process of their recklessness. "No person should be held to answer for...infamous crime, unless on a presetment or indictment of a grand jury...nor be deprived of life or liberty without due process of law." And the Fourteenth Amendment, which accorded to the States. "Nor shall any state deprive any person of life, liberty, or property, without due process of law. Nor deny to any person within its jurisdiction the equal protection of laws.

6). At the precint, the plaintiff was questioned by detectives abut homicides and "crime family" and gang in violation of his Fifth and Sixth Amendments right. The detectives stated, "[ if I] did not help yourself, you will be doing a lot of time for a weapon charge." All parties invloved constructively,and with full knowledge required persuant to 42 USC §§ 1985 and 1986, abused the process seeking a collateral advantage to attain information about targated individuals.

7). The plaintiff was then figer-printed and taken to "Central Bookings" by the defendants who continued to their pursue of "malicious prosecution," and causing "emotional distress" to plaintiff. During that proceeding, the defendant Rodgers stated that, "on June 12, 2005, he had spoken to detective Pembleton about particulars of the case, and with full knowledge, detective Pembleton directed Rodgers to continue persue prosection." Detective Pembleton is

-3-

liable to the injured party because he had full knowledge and authority to stop this conspirecy. The detective--Pembleton--singed a June 12, 2005, statemtent made by Rogers in which he stated that he "stopped the [plaintiff] response to a call of shots fired."

8). The defendant Rogers, during the grand jury July proceedings, stated the he "heard 8 to 12 shots 'right in front of me. Seconds later I spotted defendant [Mr. Sanders] running." This statement is totally different from the June 12, 2005, statement. Under sworn oath, the defendant falsified statements to procure an indictment in which the U.S. Attorney David Bitkower; persuant to 42 USC §§ 1985 and 1986, joined the conspiracy after previously meeting with Rogers and federal "ATF" agents prior to proceedings.

9) The defendant--United States Attorney David Bitkower--acted in bad faith by not seeking justice, but instead seeking prosecution when he misrepresented the Government by using or allowing Rodgers to testify falsely and procuring the indictment by misleading the jurors and suppressing evidence and fraudulent conduct. Uninted States Attorney--David Bitkower-- is held liable under 42 USC § 1986 because he had the power to prevent or aid in preventing the commission of the case.

10). The defendant-- United States Attorney--Daivd Bitkower-- continued to conspire and abuse the process of law, along with defendants P.O. Anthony Rivelli, P.O. Kevin Rodgers, and federal "ATF" agents, by intimidating key witnesses, Antoine Singlton, William Juarbes, and Sandre Oglen Green.

11). Prior to criminal proceedings in the United States District for the Eastern District of New York, and before trial and

as stated by Rodgers during cross-examination in the proceeding: He along with Rivelli, Bitkower, and federal "ATF" agents did pay all three parties a visit." This was done to intimidate the witnesses and to get them to perjure their statements at trial proceedings. This doing by the defendants undermined and violated Plaintiff's Fourteenth Amendment rigth under the equal protection of laws, or equal privelages and immunities under the laws.

12). When the trial proceedings started on October 31, 2005, the defendant--United States Attorney--David Bitkower continued to "obstruct justice" by ordering Antoine Singleton and William Juabers to appear in court as witnesses for the government with sold intention not to give the Plaintiffs defense the benefit or access to use Mr. Singleton and Mr. William because the plaintiff knew that their testimony would have exonorated him in the criminal trial proceedings. United States Attorney--David Bitkower--continued through pre-trail and trial proceedings to "meliciously prosecute", and obstruct justice and undermine the integrity of the United States Constitution by denying the palaintiff's Fifth and Sixth Amendments right to due process clause and to confront witinesses; and his Fourteenth amendment right--too.

13). Prior to trial and durign pre-trial proceedings, the plaintiff having retained attorney NICOLE BELLINA, "Stoll Glickman, & Bellina". Plaintiff informed defendant Bellina of the false arrest made without probable cause in violation of plaintiff's Fourteenth Amendment right and advised defendant Bellina presents motion to suppress the evidence. Instead, defendant Bellina presented plaintiff with a plea agreement from the defendant--

United States Attorney--David Bitkower. At that point, plaintiff told defendant that he would not accept the plea and persuing motion to suppress would be the best course. Defendant Bellina was unwilling or refused to seek such motion as plaintiff had requested. Plaintiff states that defendant Bellina is thus held liable under 42 USC § 1986 from not preventing or aiding the conspircy under which the prosecutor tobstruct justice pursuant to 42 USC § 1985, violating plaintiff's 1th, 4th, 5th, 6th, and 14th Amendments. WThis conspiracy proceeded from June of 2005 to July of 2007, when the plaintiff was informed by defendant Bellina of the result, a final one, in the criminal proceedings held by the Second Circuit Court of Appeals.

14). Defendant Bellina was informed prior to trial of witnesses intimidation (Singleton and Juarbers) by the authorities. Plaintiff informed the defendant that he wanted to "confront any and all witnesses against him". Singleton and Juarbes. The defendant failed to interview the above witnesses and call them on plaintiff's behalf, denying him "due process" (5th amendment) right to confront witness-- effective representation by counsel (6th amendment) and equal protection of rights (14th amendment). Thus, being liable to injured party persuant to 42 USC § 1985 and 1986.

15). The defendants from law firm, "BELLINA, STOLL, AND GLICKMAN" acted fraudulently and did not uphold the standard of effective representation when representing plaintiff. Becuase the plaintiff had informed defendant Bellina of key witnesses--Anthony Singleton and William--and their willingness to testify on the plaintiff's behalf, the defendant Bellina told paliantiff "no" and

suggested that we might look like we were up to somethings". This unwillingness by defendant Bellina violated the First Amendment right of plaintiff--to "peaceably assemble, Fifth Amendment right confront witnesses, and Sixth Amendment right to effective assistance of counsel, and his Fourteenth Amendment right to equal protection of law.

16). The defendants Nicole Bellina and Mr. Stoll visited the plaintiff at the district Court weerks prior to trial and told him: "Not to make suggestions or raise issues of suppression or witnesses." That plaintiff should let them "do the legal work because plaintiff don't know the law.... That's why they were being paid as legal advisors." However, prior to this visit by the defendants Bellina and Stoll, defendant Bellina expressed to the plaintiff's family members they (the law firm) needed to "visit" with a "male partner in effort to calm the plaintiff down and constructively plan to deter the palaintiff from seeking 'due process'." These remardks were fraudulent because defendant Bellina did not investiate witnesses to the case or prepared a defense strategy...and conspired in essence to deny the plaintiff'f 5th, 6th, and 14th Amendment civil rights.

### RELIEF SOUGHT

Relief is sought by the plaintiff from the above named defendants in violations of the all of the cited constitutional amendments. The conspiracy began on the night of JUne 11, 2005, and continued until June 2007.

For the above named injuries caused by all parties, the plaintff seeks compensatory damages in claim of $ 10,000,000.00, and punitive damages of $ 15,000,000.00. WHEREFORE, the plaintiff prays

that the Court grants any and all necessary relief its finds adequate and justice under the law.

Respectfully Submitted,

*[signature: Rasheen Sanders]*

cc.

filed: Sept. 11, 2007

Rasheen Sanders
Reg. No. 73702-053
U.S.P. Canaan
Post Office Box 300
Waymart, Pennsylvania 18472